1

2

3                     UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                               * * *

6   KENNETH R. SPLOND,                    Case No. 2:23-cv-01391-RFB-DJA

7                        Plaintiff,       **ORDER**

           v.
8
    MORAN, *et al.*,
9
                        Defendants.
10

11

12          Plaintiff Kenneth R. Splond brings this civil-rights action under 42 U.S.C. § 1983 to redress

13  constitutional violations that he claims he suffered while incarcerated at Southern Desert

14  Correctional Center. ECF No. 1. On September 11, 2023, this Court ordered Mr. Splond to file a

15  fully complete application to proceed in forma pauperis or pay the full $402 filing fee on or before

16  November 10, 2023. ECF No. 7. The Court warned Mr. Splond that the action could be dismissed

17  if he failed to file a fully complete application to proceed in forma pauperis with all three

18  documents or pay the full $402 filing fee for a civil action by that deadline. Id. at 2. That deadline

19  expired and Mr. Splond did not file a fully complete application to proceed in forma pauperis, pay

20  the full $402 filing fee, or otherwise respond.

21  **I.     DISCUSSION**

22          District courts have the inherent power to control their dockets and "[i]n the exercise of

23  that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

24  Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may

25  dismiss an action based on a party's failure to obey a court order or comply with local rules. See

26  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply

27  with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal

28  Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In

determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Mr. Splond's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Mr. Splond either files a fully complete application to proceed in forma pauperis or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. There is no indication that Mr. Splond needs additional time or evidence that he did not

1  receive the Court's order. Setting another deadline is not a meaningful alternative given these

2  circumstances. So the fifth factor favors dismissal.

3  **II.      CONCLUSION**

4       Having thoroughly considered these dismissal factors, the Court finds that they weigh in

5  favor of dismissal.

6       **IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on

7  Mr. Splond's failure to file a fully complete application to proceed in forma pauperis or pay the

8  full $402 filing fee in compliance with this Court's September 11, 2023, order. The Clerk of Court

9  is directed to enter judgment accordingly and close this case. No other documents may be filed in

10 this now-closed case. If Mr. Splond wishes to pursue his claims, he must file a complaint in a new

11 case.

12      **IT IS FURTHER ORDERED** that Mr. Splond's incomplete application to proceed *in*

13 *forma pauperis* (ECF No. 2) is DENIED as moot.

14      **IT IS FURTHER ORDERED** that Mr. Splond may move to reopen this case and vacate

15 the judgment by filing a motion for reconsideration of this order. In this motion, Mr. Splond is

16 required to explain what circumstances delayed him from paying the filing fee or filing the

17 application to proceed in forma pauperis. If the Court finds there to be good cause or a reasonable

18 explanation therein, the Court will reopen the case and vacate the judgment.

20      **DATED:** April 16, 2024

23      _____
24      **RICHARD F. BOULWARE, II**
        **UNITED STATES DISTRICT JUDGE**

3